## Reuben Fosdick, Conservator, et al., v. G. A. Forbes, et al,

1. Findings of master—*when not disturbed.* The Appellate Court will not disturb the findings of fact made by the master who has heard the evidence, where such findings are not unwarranted by the evidence and have been approved by the trial judge.

2　Res judicata—*what is, in proceeding in nature of creditor's bill.* The denial of a motion to open up a judgment by confession and for leave to plead to the merits is *res judicata* in a proceeding in aid of execution based upon such judgment, as to the questions of breach of warranty and failure of consideration made the basis of such motion.

Bill in nature of a creditor's bill. Error to the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

John E. Pollock and J. M. Weakly, for plaintiffs in error.

Frank B. McKennan and F. Y. Hamilton, for defendants in error.

Mr. Justice Puterbaugh delivered the opinion of the court.

This writ of error is prosecuted to reverse a decree of the Circuit Court, upon a bill in aid of execution filed by defendant in error Forbes, a judgment creditor of A. Fosdick, by which it was sought to set aside an alleged fraudulent conveyance of certain real estate by said Fosdick to Bethiah Fosdick, his wife. Pending the suit, defendant in error Hamilton, another judgment creditor of Fosdick, intervened by petition in said cause. Afterward plaintiff in error Reuben Fosdick, who had been appointed conservator of A. Fosdick, filed a cross-bill therein, praying that the judgments by confession upon which the original bill and intervening petition were predicated, be set aside and that he be permitted to plead and defend in the suits at law. It avers that the only consideration for the notes upon which said judgment had been

obtained was a horse sold to A. Fosdick by Forbes and warranted to be sound; that said horse was sick and unsound and absolutely worthless; that a fraud was thereby perpetrated upon Fosdick, who, at the time of such purchase and for a long time prior thereto, was mentally incapable of attending to his ordinary business affairs, which condition was easily discernible to any person doing business with him.

Answers to the original bill, intervening petition and cross-bill were filed by the respective defendants thereto and the cause referred to the master, who found that the conveyance by Fosdick to his wife was without consideration and fraudulent; that at the time he gave the notes in question Fosdick was mentally incapable of transacting business; that the question of the soundness or unsoundness of the horse and of its value was therefore immaterial. He recommended that relief be granted in accordance with the prayer of the original bill and intervening petition and that the cross-bill be dismissed. The court overruled exceptions to the report of the master and entered a decree in conformity therewith.

The judgments in question were predicated upon three judgment notes amounting to $750, given by A. Fosdick on October 10, 1900, in payment for a stallion sold to him by defendant in error Forbes. Two of the notes were retained by Forbes and the other was assigned to defendant Hamilton. Some three days after the purchase of the horse it was killed in a runaway accident. On October 18, 1900, Forbes executed the deed sought by said original bill to be set aside, by which he conveyed all the property which he then owned to his wife. On October 22, 1900, judgments by confession were taken upon the Forbes notes in the Circuit Court of McLean County. At the September term, 1901, of said court, a motion was made by Fosdick that said judgments be opened up, and for leave to plead to the merits, which motion was upon hearing overruled.

On June 5, 1902, pursuant to a finding based upon the

verdict of a jury finding that A. Fosdick was a distracted person and incapable of managing and caring for his estate, plaintiff in error Reuben Fosdick, was by the County Court duly appointed as his conservator.

The evidence as to the mental capacity of Fosdick at the time he purchased the horse and executed the notes in question is close and conflicting. Some fourteen witnesses, bankers, merchants and lawyers, many of whom had had a long social and business acquaintance with Fosdick and had transacted considerable business with him prior to and about the time of the transaction in question, all testify that in their opinion he was at the time competent to transact ordinary business and that they never noticed anything in his dealings, actions or conduct to indicate otherwise.

On the other hand a large number of witnesses, including the members of his family and family physician, testify that at the time and for a number of years prior thereto, he was mentally incapable. Notwithstanding this fact it appears that no question was raised by his family as to his capacity to transact business until after the death of the horse, the conveyance of all his property to his wife and the unsuccessful attempt to set aside the judgments by confession and to establish the defenses to the notes of breach of warranty and failure of consideration. There is evidence tending to show that since the transaction in question Fosdick has continued to transact business; and that in 1902 he purchased another stallion at public sale.

Upon carefully reading and considering the record we are of opinion that the finding of the master upon the question was not unwarranted by the evidence. While his conclusions upon the facts are of an advisory nature and only *prima facie* correct, in cases where he has seen the witnesses and observed their demeanor while testifying, he has an advantage in judging of their credibility, not enjoyed by either the trial court or a court of review, to which due weight should be given. His findings were approved by the chancellor and we are not disposed to disturb them.

We are further of opinion that the judgment of the Circuit Court denying the motion to open up the judgments by confession and for leave to plead to the merits, at which time no claim was made that Fosdick was not of sound mind, was *res adjudicata* upon the questions of breach of warranty and failure of the consideration.

The evidence fully warranted the finding and decree that the conveyance of the real estate by Fosdick to his wife was voluntary and for the purpose of defeating the collection of the notes upon which the judgments in question were entered; in other words to avoid "paying for a dead horse."

The decree of the Circuit Court is affirmed.

*Affirmed.*